UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN MELENDEZ,

        Plaintiff,

-vs-                                            Case No. 6:05-cv-133-Orl-31JGG

DAVID GARCIA, OFFICER FLORES,

        Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

        This cause is before the Court on an order to show cause [Docket No. 38] why the case should not be dismissed pursuant to Local Rule 3.10 for failure to prosecute.

I.        THE LAW

        When a case is not "diligently prosecuted," the court may enter an order to show cause why the case should not be dismissed. Local Rule 3.10(a). The court may then dismiss the case if the Plaintiff does not show "satisfactory cause" in response to the order to show cause. *Id.*

        When a party fails to obey a court order to provide discovery, the district court may impose sanctions, including the sanction of dismissal. Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or

> proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

*Id.*

## II. APPLICATION

Defendants served upon Plaintiff Edwin Melendez Defendants' first set of interrogatories on August 31, 2005 (Docket No. 30 at 1) and Defendants' second set of interrogatories on September 10, 2005 (Docket No. 31 at 1). Melendez, proceeding *pro se*, did not respond to either set of interrogatories. *Id.*

On October 17, 2005, Defendants filed a motion to compel answers to Defendants' first set of interrogatories. Docket No. 30. On October 20, 2005, Defendants filed another motion to compel, seeking to compel answers to Defendants' second set of interrogatories. Docket No. 31. Neither motion was opposed. The Court granted both motions on October 21, 2005, and ordered Melendez to respond to Defendants' discovery requests by November 10, 2005. The Court also stated that "[i]n the event of non-compliance, any party may seek an order to show cause why this case should not be dismissed pursuant to Local Rule 3.10 for failure to prosecute . . ." Docket No. 32.

On December 20, 2005, Defendants filed a motion, seeking to compel outstanding discovery and asking the Court to issue an order to show cause why the case should not be dismissed under Local Rule 3.10. Docket No. 36 at 5. According to Defendants, Melendez responded to Defendants' interrogatories after the Court's October 21, 2005 Order, but his answers were unverified and mainly illegible or inadequate. *Id.* Melendez also failed to appear at his own deposition, despite receiving proper notice and phone calls to confirm his appearance before the scheduled date. *Id.* at 2.

Defendants also state that Melendez never served his initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure and the Case Management and Scheduling Order entered in this case (Docket No. 25 at 1). Melendez did not oppose Defendants' motion.

On January 10, 2006, the Court granted Defendants' motion to compel discovery and awarded attorney's fees and costs for Melendez' failure to attend his deposition. Docket No. 38. The Court also entered an order to show cause requiring that "[o]n or before January 24, 2006, Plaintiff Edwin Melendez shall show cause in writing why this case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10." *Id.* Again, Melendez never filed a response.

Melendez has not shown satisfactory cause why the case should not be dismissed. Moreover, Melendez has failed to comply with Defendants' discovery requests, the Case Management and Scheduling Order, and the Court's October 21, 2005 Order compelling discovery. Accordingly, it is

**RECOMMENDED** that this matter be **DISMISSED with prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 26, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:
The Honorable Gregory A. Presnell
Counsel of Record

Unrepresented Party
Courtroom Deputy